UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON ALARCON-CASTANEDA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NO. 2:25-cv-00575-DGE-SKV<br><br>ORDER DISMISSING COMPLAINT |

　　　　This matter is before the Court on the Report and Recommendation ("R&R") of the Hon. Magistrate Judge S. Kate Vaughan. (Dkt. No. 5.) This is a habeas petition under 28 U.S.C. § 2241. At the time it was filed on or about March 24, 2025, Petitioner was held at Federal Detention Center SeaTac, within this District, but he has since been moved to the Federal Transfer Center in Oklahoma City, and subsequently the Metropolitan Detention Center in Los Angeles, where he remains now. (*See* Dkt. No. 5 at 2 n.1.) The R&R recommends dismissal because Petitioner has neither filed an *in forma pauperis* ("IFP") application nor paid the $5 filing fee. (*See* Dkt. No. 5.) The R&R provided Petitioner until June 27, 2025 to file objections.

ORDER DISMISSING COMPLAINT - 1

1  (*Id.* at 2.)  On June 30, 2025, this Court received objections from Petitioner, dated June 24, 2025,
2  in which he states that he did not receive a letter from the Clerk advising him of the filing fee
3  requirement.  (Dkt. No. 6.)  He states that he wishes to pay $5 and "proceed with my petition."
4  (*Id.*)

5        This Court reviewed Petitioner's petition on its own motion.  Notwithstanding any filing
6  fee that may or may not have been paid, a court shall dismiss at any time a complaint or petition
7  that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).
9  "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief
10 can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure
11 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.
12 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening
13 pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a
14 claim under Federal Rule of Civil Procedure 12(b)(6).").

15       The Court finds that Petitioner's petition, as currently stated, fails to state a claim.  The
16 petition states that Petitioner received a disciplinary charge for "assault w/o serious injury,"
17 which resulted in penalties including loss of 27 days good conduct time and "time served," but as
18 of March 23, 2025 "I'm currently still in the S.H.U. now 80 days."  (Dkt. No. 1 at 1.)  Petitioner
19 states, "[w]ith my hearing saying I got time served I was not released" but others involved in the
20 altercation were released, which he speculates "[f]eels like discrimination against [H]ispanics."
21 (*Id.*)  He also complains that he is "not being heard" by staff, and his written grievances "never
22 gets answered."  (*Id.*)  The petition names only the United States as a respondent.  (*See id.*)  To
23 the extent the petition alleges deprivations of Petitioner's rights, it does not identify any specific
24

staff members involved in those deprivations nor does it state what right(s) Petitioner alleges to have been violated (e.g., Fifth Amendment Due Process, Eighth Amendment).

Thus, there are several problems with the current petition. First, Petitioner's central allegation, that he was improperly held in segregation at SeaTac, may be moot. He is no longer detained at SeaTac. If Petitioner's goal is to challenge being held in segregation in the *past*, then that is not appropriate for a habeas petition. See e.g., Kostal v. Tinsley, 337 F.2d 845, 847 (10th Cir. 1964) (holding that, where petitioner challenged being held in solitary confinement, but was released from solitary, there was "no basis for the issuance of the writ."). And if Petitioner's goal is to challenge the *conditions* of his past or current confinement, that also cannot be brought in habeas, but he can file a new civil lawsuit to do so. See Dominguez v. Archambeault, No. 20CV1384-JO-AHG, 2022 WL 17573919, at *1 (S.D. Cal. Nov. 2, 2022) ("A *habeas* petitioner may only challenge the confinement itself—the validity of the confinement or its duration—and not the conditions of such confinement."). By contrast, if Petitioner's goal is to challenge the fact of his continued confinement at MDC Los Angeles, then that must be brought in habeas, but the Central District of California is likely the proper venue. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (holding that in general, jurisdiction for habeas is in the district of confinement).[1] Moreover, Petitioner needs to name the warden/custodian of his facility for the Court to obtain habeas jurisdiction. See Padilla, 542 U.S. at 442.

Because it is not clear at this time what type of case Petitioner is bringing, and where it needs to be brought, the Court will dismiss this action without prejudice and close the case. If

---

[1] District Courts do not lose habeas jurisdiction when a petitioner is moved to a facility out of district, so long as the petitioner was detained within the district at the time the petition was filed. See Khalil v. Joyce, No. 25-CV-01963 (MEF)(MAH), 2025 WL 972959, at *21–*24 (D.N.J. Apr. 1, 2025). However, even if a court has jurisdiction, it may still find that venue is more appropriate elsewhere.

ORDER DISMISSING COMPLAINT - 3

1  Petitioner wants to bring a new habeas petition challenging his continued confinement at MDC
2  Los Angeles, he can file a new habeas case in the Central District of California.  If he wants to
3  assert a claim related to his past confinement at SeaTac, he can file a new civil case in this
4  District.  In either event, he needs to file an IFP application or pay the filing fee, name the proper
5  defendant(s)/respondent(s), and state his claims with greater specificity.
6          Therefore, the Court ADOPTS the R&R in part, and DISMISSES this case without
7  prejudice.  The Clerk shall forward a copy of this Order to Petitioner at his most recent address
8  and to the Hon. S. Kate Vaughan.

10          Dated this 11th day of July, 2025.

                                                    David G. Estudillo
                                                    United States District Judge

ORDER DISMISSING COMPLAINT - 4